IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Sullivan, ) | C/A No. 6:24-cv-03423-RMG-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Cherokee County, Nurse Supervisor ) | |
| Cherokee County, Second Shift ) | |
| Supervisor Cherokee County, Booking ) | |
| Civilian Administration Cherokee ) | |
| County, Medical Staff Cherokee ) | |
| County, Medical Nurse Cherokee ) | |
| County, Detention Officer Cherokee ) | |
| County, Jail Director Cherokee County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a motion to proceed *in forma pauperis* filed by the plaintiff (doc. 2).  The plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking damages from the defendants.  Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

**ALLEGATIONS**

This is a § 1983 action filed the plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") who seeks damages for deficient medical care while a pretrial detainee at the Cherokee County Detention Center ("the Detention Center") (doc. 1).  The plaintiff alleges that he was denied adequate medical care by the defendants and also that their actions constituted intentional infliction of emotional distress ("IIED") (*id*. at 5).  The plaintiff contends that he was wearing a heart monitor when he arrived at the Detention Center and had certain medications he needed to take, but the

nurse reviewed the prescribed medications and refused to prescribe them for the plaintiff based on their cost (*id*. at 6, 7–8, 9).  The plaintiff contends he was then denied proper medical care until transferring to SCDC custody (*id*.).  The plaintiff also contends that at the Detention Center he was kept in medical and unknown nurses administered medication to him (*id*. at 8).  The plaintiff's requests to see a supervisor at the Detention Center regarding the medications were denied (*id*.).  The plaintiff's injuries include denied medical care, additional damage to his heart from being on different medications, mental anguish, and anxiety (*id*. at 9).  For relief, the plaintiff seeks money damages (*id*.).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As noted above, the plaintiff has filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (doc. 2).  However, the plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while

2

> incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Regardless of dismissal being with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

Here, the plaintiff has three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). *See Sullivan v. McMaster, et al.*, C/A No. 6:18-cv-01425-RMG, 2018 WL 3727358 (D.S.C. Aug. 6, 2018) (dismissing case for failure to state a claim); *Sullivan v. Cnty. of Spartanburg, et al.*, C/A No. 6:05-cv-001282-HFF, at doc. 14 (D.S.C. Dec. 7, 2005) (dismissing case as meritless and frivolous), *aff'd* 225 F. App'x 121 (4th Cir. 2007); *Sullivan v. Allen*, C/A No. 7:03-cv-03841-HFF, at doc. 8 (D.S.C. Mar. 5, 2004) (dismissing case for failure to state a claim), *aff'd* 101 F. App'x 931 (4th Cir. 2004); *Sullivan v. Wells, et al.*, C/A No. 7:02-cv-03879-HFF, at doc. 31 (D.S.C. Feb. 27, 2004) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)), *aff'd* 120 F. App'x 502 (4th Cir. 2005). Accordingly, the plaintiff has received at least three dismissals which count as strikes. The three-strikes rule was enacted to bar prisoners, such as the plaintiff, from pursuing certain types of federal civil litigation without prepayment of the filing fee. As such, the plaintiff is barred from proceeding in this action *in forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022) (noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The imminent danger exception to § 1915(g)'s "three strikes" rule is to be narrowly construed and a plaintiff must allege imminent danger at the time the complaint

was filed, not that the plaintiff has faced imminent danger in the past. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam opinion). Here, the plaintiff has not alleged any imminent danger of harm. Indeed, the plaintiff's complaint involves his time in pretrial detention – which ended before he filed this action – meaning that his allegations of denied medical care cannot provide a basis for imminent danger to excuse the plaintiff's status as a three-strikes prisoner in this action. The plaintiff's complaint also explicitly states that he is being provided medical care at SCDC; thus, the plaintiff has failed to allege that he was in imminent danger of harm at the time this action was filed. Accordingly, the undersigned recommends that the plaintiff's motion to proceed *in forma pauperis* be denied.

## **RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion to proceed *in forma pauperis* (doc. 2) be **denied**. Should the United States District Judge adopt this recommendation, it is recommended that the plaintiff be provided twenty-one (21) days to pay the filing fee of $405.00 or the case will be dismissed.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

August 8, 2024<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).