# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Sullivan,<br><br>        Plaintiff,<br>  v.<br><br>Cherokee County, Nurse Supervisor, Cherokee County, Second Shift Supervisor Cherokee County, Booking Civilian Administration Cherokee County, Medical Staff Cherokee County, Medical Nurse Cherokee County, Detention Officer Cherokee County, Jail Director Cherokee County,<br><br>        Defendants. | Case No. 6:24-cv-03423-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the report and recommendation ("R&R") of the Magistrate Judge recommending Defendants' motion to proceed *in forma pauperis* be denied. (Dkt. No. 17). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Defendants' motion to proceed *in forma pauperis*. (Dkt. No. 17).

**I.     Background**

Plaintiff David Sullivan alleges that he was denied adequate medical care while in custody of the South Carolina Department of Corrections ("SCDC") and that Defendants' actions constituted intentional infliction of emotional distress. (Dkt. No. 1, pp. 5-9). Plaintiff cites instances where Defendants should have been on notice of a medical condition and that the SCDC nurse refused to prescribe Plaintiff with necessary medications. *Id.* The Prisoner Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plaintiff has filed three actions that were dismissed on grounds that qualify as strikes under 28 U.S.C. § 1915(g). (Dkt. No. 17). The Magistrate Judge recommended that the plaintiff's motion to proceed *in forma pauperis* be denied because the plaintiff is subject to the "three-strikes" rule of the PLRA. *Id*.

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.  Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that the plaintiff is subject to the "three strike" rule of the PLRA because the plaintiff has received at least three dismissals which count as strikes. (Dkt. No. 17). *See Sullivan v. McMaster, et al.*, C/A No. 6:18-cv-01425-RMG, 2018 WL 3727358 (D.S.C. Aug. 6, 2018) (dismissing case for failure to state a claim); *Sullivan v. Cnty. of Spartanburg, et al.*, C/A No. 6:05-cv-001282-HFF, at doc. 14 (D.S.C. Dec. 7, 2005) (dismissing case as meritless and frivolous), *aff'd* 225 F. App'x 121 (4th Cir. 2007); *Sullivan v. Allen*, C/A No. 7:03-cv-03841-HFF, at doc. 8 (D.S.C. Mar. 5, 2004) (dismissing case for failure to state a claim), *aff'd* 101 F. App'x 931 (4th Cir. 2004); *Sullivan v. Wells, et al.*, C/A No. 7:02-cv-03879-HFF, at doc. 31 (D.S.C. Feb. 27, 2004) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)), *aff'd* 120 F. App'x 502 (4th Cir. 2005). Therefore, the plaintiff is barred from proceeding i*n forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022) (noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The plaintiff has failed to allege that he is under "imminent danger of serious physical injury."

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to deny Defendants' motion to proceed *in forma pauperis*. (Dkt. No. 17).

### IV.     Conclusion

In light of the foregoing, Defendants' motion to proceed *in forma pauperis* is **DENIED**. (Dkt. No. 17). The plaintiff has twenty-one (21) days to pay the filing fee of $405.00 or the case will be dismissed.

**AND IT IS SO ORDERED.**

                                              s/ Richard M. Gergel
                                              Richard Mark Gergel
                                              United States District Judge

September 4, 2024
Charleston, South Carolina