IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Sullivan,<br><br>    Plaintiff,<br>  v.<br><br>Cherokee County, Nurse Supervisor, Cherokee County, Second Shift Supervisor Cherokee County, Booking Civilian Administration Cherokee County, Medical Staff Cherokee County, Medical Nurse Cherokee County, Detention Officer Cherokee County, Jail Director Cherokee County,<br><br>    Defendants. | Case No. 6:24-cv-03423-RMG<br><br><br>**ORDER** |

Before the Court is the judgment of the Fourth Circuit dismissing Plaintiff's interlocutory appeal and remanding the case. (Dkt. No. 39). Plaintiff also filed a motion to amend complaint. (Dkt. No. 28). For the reasons set forth below, the Court adopts the Report and Recommendation ("R & R") as the Order of the Court denying Plaintiff's motion to proceed *in forma pauperis*, and the Court denies Plaintiff's motion to amend complaint.

**I.    Background**

This Court issued an order on September 4, 2024, adopting the R & R of the Magistrate Judge denying Plaintiff's motion for *in forma pauperis* status because Plaintiff had three "strikes" under 28 U.S.C. § 1915(g). (Dkt. Nos. 17, 23). The Court's docket indicated that Plaintiff's response to the R & R was due by August 22, 2024. (Dkt. No. 17). The Court issued its order on September 4, 2024, adopting the R & R and stating that Plaintiff had filed no objection to the R & R. (Dkt. No. 23 at 1). This was in error. In fact, on September 3, 2024, the day the Court forwarded

1

its order to the Clerk's office for filing, Plaintiff did file objections to the R & R.[1] Plaintiff filed an interlocutory appeal with the Fourth Circuit arguing, among other things, that this Court committed "plain error" by incorrectly stating that he had not filed objections to the R & R. (Dkt. No. 29). The Fourth Circuit dismissed the appeal and remanded the case to this Court. (Dkt. No. 39). Plaintiff also filed a motion to amend complaint. (Dkt. No. 28).

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

Having now had the opportunity to review Plaintiff's objections, the Court does not alter its ruling adopting the R & R and finding that Plaintiff is barred from *in forma pauperis* status

---

[1] It appears that Plaintiff's address changed around the time the Court's order was issued, and the Clerk made a second mailing of the order to him. By the time Plaintiff actually received notice of the order, his response may have been timely despite the docket entry that it was due on August 22, 2024.

because he does, in fact, have three "strikes" under 28 U.S.C. § 1915(g). *See*, *Sullivan v. County of Spartanburg*, C.A. No. 6:05-1282-HFF (D.S.C. Dec. 7, 2005) (dismissing the state inmate's case as meritless and frivolous); aff'd 225 F. Appx. 121 (4th Cir. 2007); *Sullivan v. Allen*, C.A. No. 7:03-3841-HFF (D.S.C. Mar. 5, 2004) (dismissing the state inmate's case for failure to state a claim), aff'd 101 F. Appx. 931 (4th Cir. 2004); *Sullivan v. Wells*, C.A. No. 7:02-3879) (D.S.C. Feb. 27, 2004) (dismissing the pretrial detainee's case as frivolous), aff'd 120 F. Appx. 502 (4th Cir. 2005).

Plaintiff further claims in his interlocutory appeal that he was denied medical care while detained in the Cherokee County Detention Center as a pretrial detainee and that such alleged denial of medical care placed him in "imminent danger of serious physical injury," which would, if true, provide an exception to the three "strike" rule of § 1915(g). (Dkt. No. 29). The Magistrate Judge found in the R & R that when Plaintiff filed the present suit, he was no longer detained at the Cherokee County Detention Center and was then incarcerated at the South Carolina Department of Corrections. (Dkt. No. 17 at 3-5). The Magistrate Judge, citing the Fourth Circuit's decision in *Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006), found that Plaintiff at the time of filing the complaint was not in any imminent danger of harm from the Cherokee County defendants named in the action, making the exception under § 1915(g) in applicable. As previously mentioned, the Court adopts the R & R of the Magistrate Judge in this matter and denies Plaintiff's motion (Dkt. No. 2).

Because the Court denies Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2), Plaintiff may not proceed without payment of the required filing fee. Therefore, the Court denies without prejudice Plaintiff's motion to amend complaint (Dkt. No. 28). Plaintiff may file another motion once the filing fee is paid.

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 17) as the Order of the Court and **DENIES** Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2). The Court **DENIES** without prejudice Plaintiff's motion to amend complaint (Dkt. No. 28).

**AND IT IS SO ORDERED.**


 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

February 5, 2025
Charleston, South Carolina